UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
**F I L E D**

JUN 3 0 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-451-GWU

MOSSIE BELCHER,                                          PLAINTIFF,

VS.                    **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

### INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of her applications for Disability Insurance Benefits (DIB) and Supplemental

Security Income (SSI). The appeal is currently before the Court on cross-motions

for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity?
    If yes, the claimant is not disabled. If no, proceed to Step 2.
    See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical
    or mental impairment(s)? If yes, proceed to Step 3. If no, the
    claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any
    impairment(s) significantly limiting the claimant's physical or
    mental ability to do basic work activities? If yes, proceed to

1

Step 4. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

2

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

3

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d

279, 282 (6th Cir. 1985).   Even then, substantial evidence to support the

Commissioner's decision may be produced through reliance on this expert testimony

only if the hypothetical question given to the expert accurately portrays the plaintiff's

physical and mental impairments.   Varley v. Secretary of Health and Human

Services, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Belcher, a 53 year-old

former shift supervisor, customer representative, and insurance clerk with a high

school education, suffered from impairments related to chronic cervical strain,

degenerative disc disease, the residual effects of traumatic injuries, a generalized

anxiety disorder and a depressive disorder. (Tr. 335, 337).  While the plaintiff was

found to be unable to return to her past relevant work, the ALJ determined that she

retained the residual functional capacity to perform a restricted range of light level

work.  (Tr. 344).  Since the available work was found to constitute a significant

number of jobs in the national economy, the claimant could not be considered totally

disabled. (Tr. 344).  The ALJ based this decision, in part, upon the testimony of a

vocational expert.  (Tr. 343).

The Court must first determine the time period relevant to this appeal.

Belcher alleged a disability onset date of June 15, 1993 on her current DIB and SSI

applications filed on August 9, 1999. (Tr. 58, 258). The plaintiff had filed an earlier DIB application claiming the same onset date and this was denied in an administrative decision which became final on August 31, 1995. (Tr. 334). The ALJ declined to reopen this decision on the current applications. (Tr. 335). Administrative res judicata precludes the Court from considering this earlier time period. The ALJ determined that the claimant's insured status expired as of December 31, 1996 and, so, she must prove she became disabled between September 1, 1995 and December 31, 1996 to qualify for DIB. With regard to the SSI claim, Belcher must prove she became disabled between the August 9, 2001 filing date and the October 28, 2004 date of the current ALJ's final decision.

After review of the evidence presented, the undersigned concludes that substantial evidence supports the ALJ's finding that Belcher was not disabled at least at all times prior to February 8, 2001, her 50th birthday. (This precludes a finding that she would be eligible for DIB.) After this date, substantial evidence does not support the administrative decision and another remand of the action for further consideration will be required.

The hypothetical question initially presented to Vocational Expert Bill Ellis included an exertional limitation to light level work along with such non-exertional restrictions as (1) an inability to more than occasionally climb, bend from the waist to floor, crawl, or reach overhead; (2) a need for easy access to bathroom facilities;

8

(3) a need to avoid exposure to unprotected heights, dangerous or moving machinery, temperature extremes, excessive humidity and environmental pollutants such as dust, smoke, chemicals, fumes, or noxious gases; (4) an inability to perform close-up work due to vision impairment; (5) an inability to perform more than simple, non-detailed tasks where co-worker and public contact is casual and infrequent; and (6) a limitation to work where supervision is direct and non-confrontational with infrequent and gradually-introduced work place changes. (Tr. 427). In response, the witness identified a significant number of light level jobs which could still be performed. (Tr. 428). The ALJ later changed the exertional restriction to sedentary level and the expert identified a significant number of sedentary level jobs which could still be performed. (Tr. 429). The ALJ relied upon this testimony to demonstrate the existence of a significant number of jobs remaining available to Belcher.

This action was previously remanded by the Court because the hypothetical question did not fairly depict Belcher's physical condition. (Tr. 358). Dr. Talmadge Hays examined the plaintiff and indicated the existence of more severe functional limitations than found by the ALJ. (Tr. 358). This opinion was not offset by that of another treating or examining source. (Tr. 358). The only medical source to contradict Dr. Hays was Dr. Mark Carter, a non-examining medical reviewer who did not have the opportunity to see and comment upon the examiner's opinion and, so,

his opinion could not be relied upon by the ALJ under the authority of <u>Barker v.</u> <u>Shalala</u>, 40 F.3d 789, 794 (6th Cir. 1994).

Following remand of the action, Dr. Thomas Sellers reviewed the record, including the report of Dr. Hays, and responded to interrogatories. Dr. Sellers reported that Belcher's physical problems did not appear to meet or equal the requirements of one of the Listing of Impairments. (Tr. 413-414). The physician noted Dr. Hays' opinion, but observed that the doctor appeared to find severe impairments not found by other medical sources of record. (Tr. 413). Dr. Sellers stated that despite the claimant's multiple complaints, numerous examinations had failed to detect objective evidence of significant pathology including x-rays, MRIs and neurological examinations. (Tr. 417). The doctor completed a Functional Capacities Assessment Form to which the physical factors of the hypothetical question were consistent with the exception that the doctor indicated that the claimant would be restricted from standing for more than a total of four hours a day and unable to walk for more than two hours a day. (Tr. 416). Dr. Sellers' report is sufficient to offset the opinion of Dr. Hays under the <u>Barker</u> standard.

As noted above, the ALJ omitted from the hypothetical question presented to Ellis restrictions relating to standing and walking. In response to the alternative hypothetical question, the expert <u>did</u> cite a significant number sedentary level jobs which would remain available. The administrative regulations indicate that sedentary

level work only requires occasional standing or walking.   20 C.F.R. Section 404.1567(a).  Thus, these jobs appear compatible with Dr. Sellers' limitations and the testimony of Ellis can still provide support for the ALJ's denial decision for at least part of the time period under consideration. However, Belcher turned 50 years-old on February 8, 2001.   (Tr. 335).   Rule 201.12 of the Medical-Vocational Guidelines indicates that a person limited to sedentary level work with a high school education and no transferable skills would be considered "disabled" at the age of 50. Thus, a significant number of light level jobs need to be available to the plaintiff in order for her not to be considered totally disabled as of this date.   Since the vocational testimony provides no insight into this question for this later time frame, this portion of the administrative decision will have to again be remanded for further consideration.

The current hypothetical question fairly depicted Belcher's mental condition for the entire time period under consideration.   The question was essentially consistent with the mental restrictions identified by Dr. Kevin Eggerman, an examining consultant. (Tr. 178-179). The question was also arguably compatible with the somewhat differently-worded but not necessarily totally disabling mental limitations indicated by Psychologists Lea Perritt (Tr. 231-232) and Edward Ross (Tr. 235-236), the non-examining medical reviewers. While Psychologist Reba Moore identified more severe mental limitations, her opinion was offset by that of Dr.

11

Belcher

Eggerman. Therefore, the ALJ dealt properly with the evidence of record relating to the plaintiff's mental condition.

The undersigned concludes that the administrative decision should be affirmed in part with regard to the time period before February 8, 2001 and reversed and remanded for further consideration in part with regard to the time period beginning that date. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the $\underline{3\theta}$ day of June, 2006.

G. WIX UNTHANK
SENIOR JUDGE

12